UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

    Plaintiffs,                                                   Case No.
                                                             Hon.

v

CITY RENOVATION AND TRIM, INC.,
a Michigan corporation, and
Timothy J. Smith, an individual

    Defendants.
_____/
WALTER B. FISHER JR. (P51337)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI  48067
(248) 837-1397
_____/

## COMPLAINT

Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

1.       The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of the Detroit Carpenters Health and Welfare Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the Carpenters Pension

Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, the Michigan Regional Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

      2.      Defendant City Renovation and Trim, Inc., is a Michigan corporation doing business in this district and division.

      3.      Timothy J. Smith is an individual doing business in this district and division.

      4.      Timothy J. Smith was an owner, officer, and/or individual otherwise involved with a Michigan corporation known as City Renovation and Trim, Inc., a business which engaged in the commercial construction industry.  In such capacity, and upon information and belief, Timothy J. Smith was involved in, and took part in, the day-to-day affairs and operations of, and maintained control of City Renovation and Trim, Inc.

5. Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

### Count I    ERISA Claim

6. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

7. City Renovation and Trim, Inc., either directly or through its authorized agents, has entered into one or more collective bargaining agreements with the Union, copies of which are in the possession of the Defendant and are not attached hereto due to their bulk, but which will be supplied upon request.

8. Pursuant to the collective bargaining agreements City Renovation and Trim, Inc. became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of City Renovation and Trim, Inc. who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

9. Plaintiffs became aware that City Renovation and Trim, Inc. was not making required fringe benefit contributions in violation of ERISA and its collective bargaining agreement with the Union on February 15, 2016.

10. Pursuant to the collective bargaining agreements alleged above, Defendant submitted for audit its books and records to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency for the period November 1, 2015 through January 31, 2016.

11. Plaintiffs determined a deficiency for fringe benefits, in the amount of $382,417.96 for the period November 1, 2015 through January 31, 2016, for outstanding benefits.

12. Plaintiffs determined outstanding liquidated damages and interest owing as of March 1, 2016 totaling $17,582.04, for the period November 1, 2015 through January 31, 2016.

13. There is now due and owing to Plaintiffs from Defendant the sum of $400,000.00.

14. Despite demands by Plaintiffs, Defendant has failed, neglected and refused to pay that amount or any portion thereof.

**WHEREFORE**, Plaintiffs pray:

A. That this Court enter judgment against City Renovation and Trim, Inc. for $400,000.00, plus actual costs, double interest and actual attorney fees.

B. That this Court grant Plaintiffs any other relief that it deems appropriate.

## Count II

### Violation of Employee Retirement Income Security Act (ERISA)
### 29 U.S.C. § 1001 *et. Sec.*

15. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

16. Individuals providing labor and employed by, or on behalf of, City Renovation and Trim, Inc., pursuant to the subject collective bargaining agreement earned outstanding fringe benefit contributions in connection with and in furtherance of their employment.

17. These accrued fringe benefit contributions were properly payable to the employee benefit plans administered by Plaintiffs when due.

18. The accrued fringe benefit contributions and funds otherwise in the Defendants' possession, custody and/or control which were otherwise available to pay the accrued fringe benefit contributions were to be held in trust by the defendants in their capacity as a fiduciary, as required by ERISA pursuant to 29 U.S.C. § 1145, until the defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their collective bargaining agreement and related trust agreements. Such

accrued fringe benefit contributions became assets of the respective employee benefit plans administered by Plaintiffs upon accrual.

19. The Defendants failed to turn over these plans assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due. Rather, upon information and belief, the Defendants utilized the accrued outstanding fringe benefit contributions and funds otherwise within their possession, custody, and/or control for purposes other than payment to Plaintiffs.

20. In failing to turn over such plan assets to Plaintiffs, the Defendants violated 29 U.S.C. § 1145, 1104, and 1109 (a) and their obligations under the collective bargaining agreement and related Trust Agreements incorporated therein.

21. The Defendants' failure to turn over plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds otherwise properly payable to Plaintiffs constitute a breach of their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. § 1104(a)(1)(A) and are violations of 29 U.S.C. § 1145, 1104 and 1109 (a).

22. Individual Timothy J. Smith is personally liable to the Funds for breaching his fiduciary duties pursuant to 29 U.S.C. § 1104(a).

**WHEREFORE**, Plaintiffs pray:

A. That this Court enter judgment against Defendant Timothy J. Smith for all unpaid fringe benefit contributions owed by City Renovation and Trim, Inc., pursuant to the Funds audit of City Renovation and Trim, Inc., for the period November 1, 2015 through January 31, 2016 in the amount of $400,000.00 plus actual costs, interest and actual attorney fees.

B. That this Court grant Plaintiffs any other relief that it deems appropriate.

Dated: March 2, 2016  **FILDEW HINKS, PLLC**

By: /s/Walter B. Fisher Jr.
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067
(248) 837-1397
wfisher@fildewhinks.com
P51337

J:\2001\0542\Electronic Filings\2016 Complaint\Complaint  03-02-16.wpd